IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

**FILED**

JUN 1 1 2008

William B. Guthrie
Clerk, U.S. District Court

By_____
Deputy Clerk

| | |
|---|---|
| DEVERY LESTER HOGUE aka SUSAN JEAN HOGUE, ) ) ) Plaintiff, ) ) v. ) ) MIKE PRUITT and MARTY SIRMONS, ) ) ) Defendants. ) | No. CIV 07-147-RAW-SPS |

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint, the defendants' motion, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983. He is seeking injunctive relief for alleged constitutional violations during his incarceration at OSP. The defendants are OSP Unit Manager Mike Pruitt and OSP Warden Marty Sirmons.[1]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official

Plaintiff alleges he is a male-to-female transsexual who is being housed in a cell with another male inmate. He claims this arrangement is discriminatory, because other male inmates are allowed to live in single cells. He asks the court to require the defendants to place him in a single cell.

The defendants have filed a motion to dismiss or for summary judgment, alleging this lawsuit must be dismissed for plaintiff's failure to exhaust his administrative remedies, pursuant to 42 U.S.C. § 1997e. The special report states that plaintiff submitted correspondence and a Request to Staff to Medical Services in 1983 and 1985, but he has not submitted any grievance appeals since January 2000. There is no documented evidence that, while in DOC custody, plaintiff has received any hormone treatments or medical procedures related to gender change, and plaintiff's DOC photograph indicates he has male characteristics. He has been treated for self-inflicted injuries and threats to harm himself, when he was unhappy with his cell partner. When placed with a cell partner plaintiff liked, however, there were no reports of self-harm. The defendants contend plaintiff has used this self-injurious behavior to attempt a move to a single cell.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001).

---

capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

2

After careful review of the record, the court finds plaintiff has failed to exhaust his administrative remedies for his claim.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #18] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e.

**IT IS SO ORDERED** this 11th day of June 2008.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**